McGREGOR W. SCOTT
United States Attorney
CAMERON L. DESMOND
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**
Jun 18, 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CLAYTON HOWARD, <br><br> Defendant. | CASE NO. 2:20-cr-0090 MCE <br><br> 18 U.S.C. § 922(g)(1) – Felon in Possession of Ammunition; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

# INDICTMENT

The Grand Jury charges: T H A T

CLAYTON HOWARD,

defendant herein, on or about April 10, 2020, in San Joaquin County, State and Eastern District of California, knowing that he had been convicted of a crime punishable by a term of imprisonment exceeding one year, that is:

1. Felon in Possession of a Firearm, in violation of California Penal Code Section 11377(A), on or about October 19, 1998, in San Joaquin County, California;

2. Evade Peace Officer – Disregard Safety, in violation of California Vehicle Code Section 2800.2, on or about February 6, 2000, in San Joaquin County, California;

3. Felon in Possession of a Firearm, in violation of Title 18, United States Code Section 922(g)(1), on or about October 10, 2001, in the Eastern District of California;

///

4. Evade Peace Officer – Disregard Safety, in violation of California Vehicle Code Section 2800.2, on or about January 23, 2007, in San Joaquin County, California;

5. Vehicle Theft, in violation of California Vehicle Code Section 10851(a), on or about January 23, 2007, in San Joaquin County, California;

6. Vehicle Theft, in violation of California Vehicle Code Section 10851(a), on or about January 7, 2009, in San Joaquin County, California;

7. Evade Peace Officer – Disregard Safety, in violation of California Vehicle Code Section 2800.2, on or about January 14, 2010, in San Joaquin County, California;

8. Evade Peace Officer – Disregard Safety, in violation of California Vehicle Code Section 2800.2, on or about August 2, 2011, in San Joaquin County, California;

9. Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, on or about August 2, 2011, in San Joaquin County, California;

10. Hit and Run with Great Bodily Injury, in violation of California Vehicle Code Section 20001(a), on or about July 8, 2015, in San Joaquin County, California; and

11. Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, on or about July 8, 2015, in San Joaquin County, California;

did knowingly possess ammunition, specifically, 15 rounds of Cascade 22 ammunition, two rounds of Remington 22 ammunition, seven rounds of Armscore 22 ammunition, one round of Remington 357 Magnum ammunition, one round of Remington 38 Special ammunition, one round of Federal 38 Special ammunition, one round of Winchester Rifle 38 Special ammunition, one round of Winchester 45 Auto ammunition, one round of Winchester Western 38 Special ammunition, one round of Remington 32 Auto ammunition, and one round of Aguila 22 ammunition, in and affecting commerce, in that said ammunition had previously been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

FORFEITURE ALLEGATION: [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1. Upon conviction of the offense alleged in this Indictment, defendant CLAYTON HOWARD shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense.

2. If any property subject to forfeiture, as a result of the offense alleged in this Indictment,

for which the defendant is convicted:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA
FOREPERSON

McGREGOR W. SCOTT
United States Attorney

No. _____

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

## CLAYTON HOWARD

### I N D I C T M E N T

**VIOLATION(S):**
18 U.S.C. § 922(g)(1) – Felon in Possession of Ammunition;
18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*

/s/ Signature on file w/AUSA
───────────────────────────
*Foreman.*

Filed in open court this **18th** day of **June**, A.D. 20**20**

/s/ Alexandra Waldrop
───────────────────────────
*Clerk.*

Bail, $ **No Bail Warrant Pending Hearing**

───────────────────────────
**KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE**

## United States v. Clayton Howard
### Penalties for Indictment

VIOLATION: 18 U.S.C. § 922(g) - Felon in possession of ammunition

PENALTIES: Not more than 120 months,
Not more than $250,000 fine or both
A three-year term of Supervised Release

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### FORFEITURE ALLEGATION:

VIOLATION: 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) - Criminal Forfeiture

PENALTIES: As stated in the charging document