PHILLIP A. TALBERT
United States Attorney
CAMERON L. DESMOND
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00090-MCE |
| Plaintiff, | MEMORANDUM REGARDING CHANGE OF PLEA |
| v. | |
| CLAYTON HOWARD, | |
| Defendant. | |

The United States submits this memorandum in anticipation of the defendant, Clayton Howard's, open guilty plea to the sole count of the indictment, 18 U.S.C. § 922(g)(1) – felon in possession of ammunition.

## I. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, 18 U.S.C. § 922(g)(1) – felon in possession of ammunition:

1.  On or about April 10, 2020, the defendant knowingly possessed ammunition, specifically, 15 rounds of Cascade 22 ammunition, two rounds of Remington 22 ammunition, seven rounds of Armscore 22 ammunition, one round of Remington 357 Magnum ammunition, one round of Remington 38 Special ammunition, one round of Federal 38 Special ammunition, one round of Winchester Rifle 38 Special ammunition, one round of Winchester 45 Auto ammunition, one round of Winchester Western

38 Special ammunition, one round of Remington 32 Auto ammunition, and one round of Aguila 22 ammunition;

    2.    Such ammunition had been shipped or transported from one state to another or between a foreign nation and the United States; and

    3.    At the time the defendant possessed the ammunition, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## II.    MAXIMUM SENTENCE

The maximum sentence that the Court can impose is ten years of incarceration, a fine of $250,000, a three year period of supervised release, and a special assessment of $100. If the defendant violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to three years of additional imprisonment.

## III.    FACTUAL BASIS FOR PLEA

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

On April 10, 2020, agents executed a search warrant at the residence of the defendant, Clayton Howard. The defendant was present at the time the search warrant was executed. Agents found the following scattered throughout the defendant's residence:

- 15 Rounds of Cascade Cartridges 22
- 2 Rounds of Remington 22
- 3 Rounds of Armscore 22
- 1 round of Remington 357 magnum
- 1 round of Remington 38 special
- 1 round of Federal 38 special
- 1 round of Winchester Rifle 38 special
- 1 round of Winchester 45 Auto
- 1 round of Winchester Western 38 Special
- 1 Round of Remington 32 Auto

- 3 Rounds of armscor 22
- 1 casing of armscor 22
- 1 round of Aguila 22
- firearm silencer
- two ballistic vests/body armor
- several pistol holders
- assorted firearms parts and laser sights
- spent shell casing
- Glock holster
- gun safe
- manual for a .22 caliber revolver
- Glock pistol box
- 11.6 grams of methamphetamine and a scale with methamphetamine residue.

The defendant knowingly possessed each of the above items.

An ATF interstate nexus expert confirmed that the ammunition listed in the indictment was manufactured outside California and had thus traveled in interstate commerce.

At the time the defendant possessed the ammunition, he knew that he had been convicted of a felony punishable by imprisonment for a term exceeding one year as set out in the indictment.

Dated: April 27, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ CAMERON L. DESMOND
CAMERON L. DESMOND
Assistant United States Attorney